UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**LORRAINE WETZEL,**

              **Plaintiff,**

    v.

**TOWN OF ORANGETOWN, KEVIN NULTY, ROBERT ZIMMERMAN, THOM KLEINER, JOSEPH E. WOOLEY, AND "JOHN DOE", each in their official and individual capacities,**

              **Defendants.**

06 Civ. 6117 (SCR)

**OPINION AND ORDER**

---

**STEPHEN C. ROBINSON, United States District Judge:**

    Plaintiff, Lorraine Wetzel, brings this action against the Town of Orangetown ("Town"), Chief of Policy Kevin Nulty, Police Captain Robert Zimmerman[1], Supervisor Thom Kleiner, Joseph E. Wooley, Esq., the law firm of Keane & Beane, P.C. ("K&B") and its partner, Lance H. Klein asserting federal claims of gender discrimination, retaliation, denial of equal protection, deprivation of due process and conspiracy, as well as several related state law claims. Currently pending before the Court are two motions: (1) a motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure submitted by the Town, Nulty, Kleiner, K&B, and Klein; and (2) a motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure submitted by Wooley. (Docket entries 14 and 19.) Both motions were referred to Magistrate Judge Fox for a Report and Recommendation ("R&R"), which was entered on May 16, 2008. Objections by

---

[1] By stipulation of the parties, all claims asserted against Zimmerman have been dismissed without prejudice. (Docket entry 26).

06 Civ. 6117 (SCR)

both parties were filed and the matter is now before this Court as to whether to accept, reject or modify the Magistrate's R&R.

# I

# BACKGROUND

Plaintiff, Lorraine Wetzel, a 27-year veteran of the Town of Orangetown Police Department, alleges that she is the victim of gender discrimination as well as retaliation in the form of the preferment and prosecution of disciplinary charges.  The Court assumes familiarity with the facts included in the Magistrate's R&R and now only supplements the record with additional facts necessary for consideration of this decision.

# II

# DISCUSSION

A.  Legal Standards

    1.  Adoption, Rejection or Modification of a Report and Recommendation

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error."  *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citations and internal quotation marks omitted).  When specific objections are made, "[t]he district judge must determine *de novo* any

06 Civ. 6117 (SCR)

part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Plaintiff raised one well-articulated substantive objection, which is reviewed *de novo*: that Magistrate Judge Fox mistakenly relied on the decision of this Court in *Colandrea v. Town of Orangetown*, 490 F. Supp. 2d 342 (S.D.N.Y. 2007), in making his recommendations. *See Pl.'s ObjectionsI*, 1-2. Because all of Plaintiff's remaining objections, including those relating to the applicability of absolute immunity, are repetitive of her original arguments, those portions of the R&R are reviewed for clear error only.

Defendants also raise one well-articulated substantive objection to the R&R, which is reviewed *de novo*: that Magistrate Judge Fox failed to address the Town's motion to dismiss the fourth, fifth, sixth and eighth claims for failure to state a claim.

### 2.  12(b)(6) Motion to Dismiss

Since the issuance of the R&R in this case, the Supreme Court has clarified the Motion to Dismiss standard. The Supreme Court's clarification of the motion to dismiss standard guides this Court in its review of the R&R.

It is now clear that in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss, a court must "view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 164 (1993)) (citation omitted). Nevertheless, the Court is "not bound to accept as

06 Civ. 6117 (SCR)

true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950.  Furthermore, if allegations taken as true are consistent with plaintiff's claim, but there is an "obvious alternative explanation" the court will find that the plaintiff's claim is not plausible. *Twombly*, 550 U.S. at 567.

The Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  Because the Amended Complaint must allege facts which confer a cognizable right of action, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) (citations and internal quotation marks omitted).

### B. Magistrate Judge Fox's Reliance On *Colandrea v. Town of Orangetown*

Plaintiff objects to the R&R on the basis that "Judge Fox was under the mistaken impression that the matter at hand has previously been litigated by Plaintiff Wetzel, which is not the situation.  Plaintiff Wetzel was not party to, nor can she be bound, by another plaintiff's case." *Pl.'s Objections*, 1.  While this Court agrees that Plaintiff was not a party to and should not be bound by the findings made in the *Colandrea* case, Plaintiff's objection is of no moment. It is clear from the R&R that Magistrate Judge Fox was well aware of the difference between the two cases as he specifically refers to the *Colandrea* case as a "related case." *R&R*, 10.  Neither does the R&R place undue reliance on the findings made in the *Colandrea* case.  On the contrary, the R&R cites to this Court's findings in *Colandrea* as an illustration and comparison, not as a rule of law, as Plaintiff's objections suggest.  This Court does not find Plaintiff's

4

06 Civ. 6117 (SCR)

objection to the use of the *Colandrea* case meritorious and declines to make alternate findings on that basis.

### C. Absolute Immunity

#### 1. Standard

The bulk of Plaintiff's objections to the R&R are focused on the applicability of absolute immunity in this case. Because these objections are repetitive of Plaintiff's original arguments the R&R is reviewed only for clear error on this issue.

Individual state defendants: Klein, Kleiner, K&B, Nulty and Wooley claim that absolutely immunity protects them from any liability stemming from the conduct of the disciplinary hearing. Courts have recognized two forms of immunity under § 1983: absolute and qualified. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-269 (1993). "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Burns v. Reed*, 500 U.S. 478, 486-87 (1991). However, the courts have acknowledged that some officials perform special functions that warrant absolute immunity from damages liability, based on common-law forms of immunity in place before the enactment of § 1983. *Buckley*, 509 U.S. at 268-269. Absolute immunity is accorded to judges and prosecutors functioning in their individual capacities and, under certain circumstances, is also extended to officials of government agencies "performing certain functions analogous to those of a prosecutor" or judge. *Butz v. Economou*, 438 U.S. 478, 515 (1978); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

The applicability of absolute immunity is determined by the nature of the function performed, rather than the title or identity of the official. *Forrester v. White*, 484 U.S. 219, 224 (1988). In deciding whether an official's conduct in an administrative proceeding should be

5

06 Civ. 6117 (SCR)

accorded absolute immunity, the Court employs a "functional approach" to determine whether the procedures used by the agency are sufficiently similar to the judicial process to warrant a grant of immunity, *Cleavinger v. Saxner*, 474 U.S. 193, 201-02 (1985), and then look to whether the actions taken by the official are "functionally comparable" to that of a judge or prosecutor, *Butz*, 438 U.S. at 513.  Government actors who seek absolute immunity "bear the burden of showing that public policy requires an exemption of that scope."  *Butz*, 438 U.S. at 506.  Once a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Cleavinger*, 474 U.S. at 199-200.

### 2. The Rockland County Police Disciplinary Hearing

In deciding whether an actor is entitled to absolute immunity on the basis that his role is analogous to that of a prosecutor or judge, or integrally related to a judicial proceeding, the Court evaluates the challenged proceeding in light of the "characteristics of the judicial process" as enumerated in *Butz v. Economou*.  *See Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citing *DiBlasio v. Novello*, 344 F.3d 292, 297-98 (2d Cir. 2003)).  The *Butz* factors are:

> (1) The need to assure that the individual can perform his functions without harassment or intimidation;
> (2) The presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct;
> (3) Insulation from political influence;
> (4) The importance of precedent;
> (5) The adversary nature of the process; and
> (6) The correctability of error upon appeal.

*Cleavinger*, 474 U.S. at 201-02 (citing *Butz*, 438 U.S. at 512).

State defendants conducted the disciplinary hearing pursuant to procedures set out in Section 7 of the Rockland County Police Act, which states in pertinent part:

6

06 Civ. 6117 (SCR)

> Except as otherwise provided by law, a member of such police department shall continue in office unless suspended or dismissed in the manner hereinafter provided. The town board shall have the power and authority to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges, made or preferred against any member or members of such police department. Except as otherwise provided by law, no member or members of such police department shall be fined, reprimanded, removed or dismissed until written charges shall have been examined, heard and investigated in such manner or by such procedure, practice, examination and investigation as the board, by rule and regulations from time to time, may prescribe. Such charges shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the town board. Any member of such police department at the time of the hearing or trial of such charges shall have the right to a public hearing and trial and to be represented by counsel; no person who shall have preferred such charges or any part of the same shall sit as judge upon such hearing or trial. Witnesses upon the trial of such charges shall testify thereto under oath. . . . The conviction of a member of such police department by the town board shall be subject to review by certiorari to the supreme court in the judicial district in which such town is located, provided that application therefore be made within thirty days from the determination of such conviction by the town board.

R.C.P.A. § 7.

These procedures set out the process by which charges may be brought and the rights of the accused at the disciplinary hearing. Specifically, any accusation against a Rockland County police officer must be documented, and thoroughly investigated. After the written charges are "examined and investigated" they must be brought within 60 days of the time when such facts became known to the town board. The accused police officer then has a right to a public hearing or trial with sworn witnesses. Throughout the disciplinary proceedings, the accused officer has a right to be represented by counsel. Finally, any conviction is subject to review by the supreme court in the judicial district in which the town is located within 30 days of such conviction.

Applying the *Butz* factors to these procedures, the Court finds that the Rockland County disciplinary hearing is quasi-judicial and warrants absolute immunity for those integrally related to the proceeding. First, the Court acknowledges that it is very important for the Rockland County Police Department to be able to conduct disciplinary hearings free from harassment or

7

06 Civ. 6117 (SCR)

intimidation because of the public's interest in having police officers who follow the law and behave according to Rockland County Police Department codes of conduct.  Second, the rules and regulations governing these proceedings establish an adversarial process in which there are many safeguards to protect the accused officer from abuse.  Many of them are analogous to the safeguards in judicial proceedings, such as the right to a formal hearing, the right to representation, the right to have all witnesses against the accused appear under oath, the right to confront and cross-examine witnesses, the right to present a defense, and the right to appeal.  Third, any errors in the proceeding can be corrected by appealing the superintendent's decision in state court.  While we recognize that this process is not perfect and all the *Butz* factors are not vindicated by these procedures (namely rules indicating the importance of precedent) upon a balancing of all the factors this process is sufficient.  The R&R is therefore not clearly erroneous in its analysis of the applicability of absolute immunity in this case.  In accordance with the recommendations in the R&R this Court finds that the state defendants:  Klein, Kleiner, K&B, Nulty and Wooley are all entitled to absolute immunity for the initiation and execution of the disciplinary proceedings against Wetzel as detailed in the R&R.

### 3.  Magistrate Judge Fox's Failure to Review the Town's Motion to Dismiss

Defendants also raise one well-articulated substantive objection to the R&R:  that Magistrate Judge Fox should have also dismissed Plaintiff's claims against the Town for failure to state a claim.  To the extent that dismissal of claims involved a finding of absolute immunity for individual defendants, Magistrate Judge Fox failed to address the Town's motion to dismiss for failure to state a claim.[2]  Because the R&R did not address the Town's original arguments the

---

[2] The R&R addresses the motion for failure to state a claim as to the seventh and ninth claims, but fails to address that argument for the claims where absolute immunity for the individual defendants was found applicable:  the fourth, fifth, sixth and eighth claims.  *See Opp'n to Pl.'s Objections to the R&R of Mag. Judge Mark D. Fox*, 21-25.

06 Civ. 6117 (SCR)

Court will review the Town's motion to dismiss the fourth, fifth, sixth and eighth claims for failure to state a claim *de novo*.

Plaintiff's fourth cause of action, for abuse of process, is based on allegations that the disciplinary proceedings against Wetzel were unlawful because they were improperly motivated and involved the hiring of an allegedly impartial hearing officer to recommend and ultimately obtain a conviction regardless of the evidence.  *Am. Compl.*, ¶¶ 443, 445.  New York recognizes a malicious abuse of process claim against "a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  *Savino v. The City of New York*, 331 F.3d 63, 77 (2d Cir. 2003) (citation omitted).  New York Courts have made clear that a malicious motive alone, does not give rise to a cause of action for abuse of process, rather, a plaintiff must allege that the defendants had an improper purpose in instigating the action other than the completion of the process itself.  *See Savino v. The City of New York*, 331 F.3d 63, 77 (2d Cir. 2003) (citations omitted).  As the Amended Complaint itself makes clear, the purpose of the proceedings was to discipline Wetzel for her behavior as supervisor on July 7, 2004.  Plaintiff's allegations amount to no more than a retaliatory motive, which is insufficient to state a claim for abuse of process.

Plaintiff's fifth cause of action, for the denial of equal protection under § 1983, is based on Plaintiff's allegation that "Defendants have denied Plaintiff the equal protection of the law, because she is a woman who has opposed unlawful discrimination."  *Am. Compl.* ¶ 452.  Magistrate Judge Fox found Plaintiff's allegations "utterly vague and conclusory."  *R&R*, 13.  To establish an equal protection claim, a plaintiff must allege that:  (1) she was treated differently from other similarly-situated individuals; and (2) the differential treatment was based

9

06 Civ. 6117 (SCR)

on impermissible considerations.³  *Roman v. Donelli*, 07-pr-5245, 2009 WL 3109882, *1 (2d Cir. Sept. 30, 2009) (citation omitted).  Plaintiff's allegation that she was treated differently because of her gender, without more, is insufficient to state a claim for equal protection.  Specifically, Plaintiff fails to allege that she was treated any differently from other similarly-situated individuals.  Plaintiff's equal protection claim is therefore dismissed for failure to state a claim.

As Magistrate Judge Fox noted in the R&R, Plaintiff's sixth cause of action for the denial of substantive and procedural due process "is fundamentally a claim concerning the legality of the disciplinary proceedings."  *R&R*, 13.  The Amended Complaint makes clear that Plaintiff has received all the procedural due process to which she is entitled prior to the imposition of a penalty – notice of the charges and an opportunity to be heard concerning them.  *Locurto v. Safir*, 264 F.3d 154, 173-74 (2d Cir. 2001).  Further, a substantive due process claim cannot be premised on facts that establish other asserted claims such as retaliation or gender discrimination.  *See Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005).  Accordingly, the sixth claim for the denial of procedural and substantive due process is dismissed for failure to state a claim.

Plaintiff's eighth cause of action, alleging a civil conspiracy under 42 U.S.C. §§ 1985-1986, is based on conclusory allegations that the parties conspired to deprive her of equal protection of the law by initiating and carrying out a "sham" disciplinary proceeding against her for the incidents that took place on July 7, 2004.  In order to state a claim under §§ 1985-1986 a plaintiff must allege: "(1) a conspiracy; (2) an intent or purpose to deprive a person of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) an injury to a person, including injury to property, person, or constitutional right."  *Bhatia v. Yale School of Medicine*, 07-cv-5310, 2009 WL 3109884, *1 (2d Cir. Sept. 30, 2009) (citations omitted).  "Dismissal of

---

³ Since the original briefing of this motion the Supreme Court held that the "class-of-one" equal protection claim is not cognizable in the context of public employment. *Engquist v. Oregon Dep't of Agriculture*, 128 S.Ct. 2146, 2156 (2008).

10

06 Civ. 6117 (SCR)

conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights is appropriate." *Id.* The Amended Complaint fails to allege that the parties agreed to, intended to, or in any way took action to deprive her of the equal protection of the law on account of her gender. The eighth claim is therefore dismissed for failure to state a claim.

## III

## CONCLUSION

This Court has reviewed the remainder of Magistrate Judge Fox's comprehensive and well-reasoned R&R and has determined that there is no clear legal error on the face of the record. For the foregoing reasons the Court accepts the R&R in its entirety and orders that (1) Wooley and Kleiner are dismissed from this action; (2) the second (retaliation under federal law), third (retaliation under state law), fourth (abuse of process), fifth (equal protection), sixth (due process), and eighth (conspiracy) claims are dismissed against Klein, K&B and Nulty[4] on the grounds of absolute immunity; and (3) the seventh (Civil Service Law and writs) and ninth (Judiciary Law) claims are dismissed for failure to state a claim. The Court further orders that the fourth, fifth, sixth and eight causes of action are dismissed for failure to state claim.

The Clerk of the Court is directed to close docket entries 13 and 19.

*It is so ordered.*

Dated: March 2, 2010
White Plains, New York

Stephen C. Robinson
United States District Judge

---

[4] The federal and state retaliation claims against Nulty based on the gynecological examination, sick checks, and failure to promote Plaintiff are not dismissed.

11